JOHN JONES V. THE STATE.

No. 9400.   Delivered November 4, 1925.

**1.—Assault to Murder—Misconduct of Jury—Not Established.**

Where appellant presents that he was denied a fair and impartial trial, in that three of the jurors, who on their voir dire examination testified that they had no prejudice against the suspended sentence law, when in fact they were prejudiced against it, and evidence is heard on the issue, the action of the trial court will not be disturbed, unless a clear abuse of his discretion is shown. Following Barnard v. State, 221 S. W. 295.

**2.—Same—Evidence—Held, Sufficient.**

Where, on a trial for an assault to murder, it is shown that appellant, and the injured party had an altercation, that the injured party cursed and abused appellant, who then left the scene and was gone about two hours, and returned with a shotgun, and without warning fired on and struck the injured party, we cannot say that the evidence is not sufficient to support the conviction, and there being no errors presented in the record, the cause is affirmed.

Appeal from the District Court of Anderson County. Tried below before the Hon. Ben F. Dent, Judge.

Appeal from a conviction of an assault to murder, penalty two years in the penitentiary.

The opinion states the case.

*John W. Moore* and *J. D. Pickett,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Anderson County for the offense of assault to

murder and his punishment assessed at confinement in the penitentiary for a term of two years.

The appellant raises but one question other than the insufficiency of the evidence. He makes the contention that he was not tried by a fair and an impartial jury in that he filed an application for a suspended sentence and claims that he questioned the jury as to their attitude toward a suspended sentence and that all members of the jury had stated that they were not prejudiced in any way against said law and alleges that in truth and in fact three members, R. E. Martin, C. O. Miles and J. E. Evans, were prejudiced against such law.

The court heard evidence on this question. The appellant offered the witness Ernest Paris, who testified that he was on the jury that tried him and that R. E. Martin was also one of the jurors and that when the question of suspended sentence was mentioned, Martin shook his head as a disapproval of the suspended sentence in that case. The witness states that he did not hear Mr. Martin discuss or say anything about the suspension of the sentence of the defendant or the suspended sentence law in general while deliberating on the case other than to refuse to agree to it. This witness further testifies that Martin during the discussion of the suspended sentence law in other cases on which he sat with him as a juror had said that the suspended sentence law was a good law but he thought it was badly abused. The witness refused to state that Mr. Martin had expressed any prejudice or opposition to this law. This witness further testified that the juror C. O. Miles while they were deliberating on the verdict and when the question of a suspended sentence for the appellant was raised, according to his recollection said: "If a man was guilty, he was guilty and he disapproved of the suspended sentence law." This witness further testified that J. E. Evans was a juror in this case but did not recall that he expressed any opinion or views on the suspended sentence law while they were deliberating on the case. In another case, however, he testified that Mr. Evans had stated that he guessed the suspended sentence law was all right but he didn't like so much of it. That he couldn't quote Mr. Evans' statement word for word but that was the substance of what he said.

The State called the jurors Martin, Miles and Evans and each of these jurors testified that they had no prejudice against the suspended sentence law, each of them said they

thought it was a good law and each of them said they thought it ought to be applied in a proper case. Appellant on cross-examination of these jurors showed by them that they had sat in several other cases during the term but had not given any defendant the benefit of the suspended sentence law. The juror Miles denied that he had expressed disapproval of the suspended sentence law. The above, we think, is a fair statement in very brief form of the substance of the testimony heard on this question.

Under all the authorities in this State, the trial court is the judge primarily of questions of this character and this court will not disturb his decision unless convinced that his discretion has been abused. Barnard v. State, 221 S. W. 295.

Not only do we think the trial court did not abuse his discretion in this instance but we think it manifest from the record that the overwhelming preponderance of the testimony taken on the issue shows that neither of the jurors mentioned in appellant's motion for a new trial was in any manner prejudiced against the suspended sentence law.

The only other question presented is appellant's contention that the verdict is contrary to the law and the evidence. The State's testimony shows that appellant and the alleged injured party were working together as section hands on the I. & G. N. Railroad. That appellant and other members of the section gang were joking the alleged injured party and that he became angry and cursed and abused appellant and applied to him many vile epithets. That appellant went off and was gone some two or three hours and came back with a gun and without the alleged injured party doing anything, he shot him striking him in the leg and in the arm, and in the right side, some of the shots striking the party above the hip, some in the arm and some in the leg. Then after he shot he unbreeched his gun and the alleged injured party fell. The State's testimony shows that the alleged injured party was not making any demonstration or doing anything to the appellant when the shot was fired. Appellant's testimony is to the effect that he shot at the alleged injured party but aimed at his legs and didn't aim to hit him any higher up and that he didn't intend to kill him when he shot him, and that he shot him because he had talked about his dead mother like he did. That he didn't intend to kill him but could have killed him if he had wanted to.

The issues in this case were presented to the jury in a charge that was in no manner excepted to by the appellant and

in addition to submitting the issue of assault with intent to murder, the court also presented in a proper manner the issue of aggravated assault. The jury heard the testimony and are by law made the exclusive judges of the facts proved and the credibility of the witnesses, and believing that their verdict has full support in the evidence the verdict will not be disturbed.

Finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.